ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANDREW PAULSON (CABN 267095)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    andrew.paulson@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 4:23-mj-71439-MAG |
| | ) |
| Plaintiff, | ) STIPULATION AND PROTECTIVE ORDER |
| | ) |
| v. | ) |
| | ) |
| ROBERT DEVON NICHOLSON BELL JR., | ) |
| | ) |
| Defendant. | ) |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with one count of aiding and abetting the robbery of a mail carrier in violation of 18 U.S.C. §§ 2, 2114(a) and one count of possession of stolen mail keys in violation of 18 U.S.C. § 1704. Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1.   Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information"); and

2.   Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Protected Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

1    or show the witness Protected Information.  Witnesses may only view Protected Information in the

2    presence of the Defense Team.  No witness or potential witness may retain copies of discovery material

3    that contains Protected Information after his or her review of those materials with the Defense Team is

4    complete.

5            Defense counsel may also provide unredacted copies of Protected Information to any experts

6    retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

7    of the Defense Team, and any experts who receive Protected Information under this Order shall be

8    provided a copy of this Order along with those materials and shall sign and date the order reflecting their

9    agreement to be bound by it.

10            The Defense Team shall maintain Protected Information safely and securely, and shall exercise

11    reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

12    permitting anyone to see Protected Information except as set forth in this Protective Order.

13            The materials provided pursuant to this protective order may only be used for the specific

14    purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

15            This Order shall also apply to any copies made of any materials covered by this Order.

16            **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected

17    Information subject to this Order, the Protected Information must be filed under seal (accompanied by a

18    request to file under seal) and/or redacted from the public filing, unless otherwise ordered by the Court.

19            **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

20    are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant

21    shall either destroy discovery materials containing Protected Information (including any copies) within

22    30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that

23    the Protected Information will continue being kept under the conditions specified in this Order.  After

24    the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to

25    destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a

26    motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and

27    materials subject to this Protective Order under the terms of this Order.

28            This stipulation is without prejudice to either party applying to the Court to modify the terms of

1  any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either

2  party even after the conclusion of district court proceedings in this case.

3

4     IT IS SO STIPULATED.                        ISMAIL J. RAMSEY
                                                  United States Attorney
5

6

7     Dated: October 4, 2023                      _____/s/ Andrew Paulson_____

8                                                 ANDREW PAULSON
                                                  Assistant United States Attorney
9

10                                                _____/s/ Samantha B. Jaffe_____

11                                                SAMANTHA B. JAFFE
                                                  Counsel for Defendant ROBERT BELL JR.
12

13    IT IS SO ORDERED.

14

15    Dated: October 5, 2023

16

17

18                                                DONNA M. RYU
                                                  Chief United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |